**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-60333-CV-MIDDLEBROOKS**

ALEXEY SAMOKHIN,

      Petitioner,

v.

WAREN, BROWARD TRANSITIONAL
CENTER, *et al.*,

      Respondents.

_____/

**<u>ORDER TO SHOW CAUSE-28 U.S.C. § 2241</u>**

**THIS MATTER** is before the Court on the *pro se* Petition for Writ of Habeas Corpus (DE 1) ("Petition") brought pursuant to 28 U.S.C. § 2241 by Petitioner Alexey Samokhin ("Petitioner"), while confined at the Broward County Transitional Center (the "Center") in Pompano Beach, Florida.   In the Petition, Petitioner raises numerous constitutional challenges to his arrest and detention by immigration officials.   (*Id.*)   Petitioner requests an order from this Court directing his immediate release from custody.   (*Id.* at 8).

"Section 2241 provides a writ of habeas may issue to a prisoner . . . [who is] in custody in violation of the Constitution or laws or treaties of the United States." *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). The Eleventh Circuit has made clear that "[t]he petition for writ of habeas corpus is the sole remedy for petitioners challenging the fact or duration of their imprisonment." *See Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015); *Gomez v. United States*, 899 F.2d 1124, 1125-26 (11th Cir. 1990) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973)). Upon entertaining a § 2241 habeas corpus petition, a court "shall forthwith award the writ of habeas corpus or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. It is thereupon

**ORDERED AND ADJUDGED** as follows:

1.      Counsel for the Respondent shall **immediately** notify the Court of receipt of this Order of the name of the Assistant United States Attorney to whom the case is assigned.

2.      On or before **<u>February 26, 2025</u>**,[1] Respondent shall file a memorandum of fact and law to show cause why this Petition should not be granted and shall file all necessary documents for the resolution of the Petition. *See* 28 U.S.C. § 2243 (a response to the order to show cause "[s]hall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."). Respondent shall file the response and appendix simultaneously, but if unable to do so, then Respondent shall file a motion for extension of time, explaining in detail the need for the time extension.

3.      Counsel for Respondent is requested to caption the response as a "Response" and <u>not</u> a "Motion to Dismiss." The statute, 28 U.S.C. § 2243, calls for a "Return." Any motion for an extension of the date specified for the filing of the Response or Answer must be case-specific and must detail the reasons the extension is sought. <u>Any motion seeking an extension of time based on an inability to procure records shall be accompanied by documentation showing that the records were requested in a timely fashion, that they remain unavailable, and the date on which they are expected to be received.</u>

4.      **Respondent is reminded that it must provide Petitioner full and complete copies of all documents filed in support of its response.** *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of a pleading for all purposes"); *Rodriguez*

---

1 Although § 2243 requires a response within three (3) days, because Petitioner has neither paid the Clerk's filing fee nor filed an IFP Motion, I have extended the time for Respondent to file a response to the Petition.

*v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014) ("[a]ll documents referenced in the State's [Respondent's] answer and filed with the Court . . . must be served on the habeas petitioner.").

5.      Petitioner may, but is not required to, file a reply within **twenty days** of the date on which the Respondents' Answer is docketed, which date is shown by the Answer's certificate of service. The Court cautions Petitioner that he or she must take any potential mailing delays into consideration when determining by when to submit the reply to immigration officials for mailing. If the reply is not filed within **twenty days** of the date of docketing of the Respondent's Answer, the Court will deem the matter submitted and will not consider any untimely reply. *See* Rule 5(e), Rules Governing Section 2254 Cases in the United States District Courts ("The petitioner may submit a reply to the respondent's answer . . . within a time fixed by the judge.").

6.      Petitioner's reply, if any, shall not exceed **ten pages** and shall otherwise comply with the Court's applicable Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c); S.D. Fla. L.R. 5.1(a)(4).

**SIGNED** in Chambers at West Palm Beach, Florida, this 21st day of February, 2025.

Donald M. Middlebrooks
United States District Judge

Page **3** of **4**

**Copies furnished to:**

**Alexey Samokhin,** *Pro Se*
Alien # 231-958-681
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073

**U.S. Attorney**
Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov