UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60333-CV-MIDDLEBROOKS

ALEXEY SAMOKHIN,

    Petitioner,

v.

WARDEN,
BROWARD TRANSITIONAL CENTER,
*et al.,*

    Respondent.

_____/

**ORDER DENYING EMERGENCY MOTION FOR A
TEMPORARY RETRAINING ORDER AND DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on the "Emergency Motion for a Temporary Restraining Order (TRO) (DE 8) and/or Preliminary Injunctive Relief" ("TRO Motion") and the Petition for Writ of Habeas Corpus ("Petition") (DE 1) brought pursuant to 28 U.S.C. § 2241 by Petitioner Alexey Samokhin ("Petitioner").  Petitioner alleges he has been detained by Immigration and Customs Enforcement ("ICE") "for over eight months without a bond hearing." (DE 1 at 8).  Upon consideration of the Petition (DE 1), the Response (DE 7) to the Court's Order to Show Cause with supporting exhibits, the Petitioner's TRO Motion (DE 8), and the Response (DE 10) in opposition to the TRO Motion filed by Respondent, the TRO Motion is DENIED, and the Petition is DISMISSED.

**I.  RELEVANT BACKGROUND**

On April 14, 2022, Petitioner, a Russian national, was admitted to the United States as a nonimmigrant temporary visitor for pleasure using a B2 visa. (DE 1-1 at 1).  The visa authorized

Petitioner's stay in the United States until October 3, 2022. (DE 7-1, Ex. A at 2). On or about June 9, 2024, Petitioner alleges he was arrested by the Florida Highway Patrol ("FHP") for driving under the influence of alcohol or drugs. (DE 1 at 7; DE 1-1 at 1; DE 7-2 at 1–11.) After posting bail, Petitioner claims he was not released from custody, and instead transferred to ICE custody. (*Id.*)

On June 10, 2024, after the United States Department of Homeland Security ("Homeland Security") issued a Warrant for Arrest of Alien, Petitioner was encountered by immigration officials while he was confined at the Collier County Jail in Naples, Florida. (DE 7-2; DE 7-3). That same day, Petitioner was placed in removal proceedings after being served with a Notice to Appear ("NTA"). (DE 7-4 at 1–3). The NTA charged Petitioner for remaining in the United States longer than permitted following his admission as a nonimmigrant visitor. (DE 7-1, Ex. A; DE 74, Ex. D). On November 1, 2024, Petitioner was ordered removed to Russia by an immigration judge. (DE 7-5, Ex. E at 1–17). On November 14, 2024, Petitioner filed a counseled motion requesting issuance of a final order of removal, indicating he would not be appealing the immigration judge's removal order. (DE 7-6, Ex. F at 2–4). On that same date, the IJ entered an amended Order to reflect that Petitioner waived his right to appeal the removal order. (DE 7-7, Ex. G at 1–19).

Petitioner maintains he has been in ICE custody for over eight months and, therefore, is entitled to immediate release from ICE custody. (DE 1 at 8). Included with its response, ICE has provided documentation relevant to Petitioner's immigration status. These documents portray a different scenario than that presented by Petitioner. Petitioner has not filed a reply to the response. Petitioner has been subject to a final order of removal since November 14, 2024. (DE 7 at 3). ICE is presently processing Petitioner for removal, who is scheduled for removal within the next thirty (30) days. (*Id.* at 3).

## II. DISCUSSION

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 18 U.S.C. § 2241(c)(3). Petitioner is seeking release from ICE custody. Petitioner believes he is entitled to immediate release pursuant to the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678, 698-701 (2001) (holding that removable aliens may only be detained for a "reasonable period," which is presumed to be six months, unless it can be shown that there is a "significant likelihood of removal in the reasonably foreseeable future."). A non-citizen subject to a removal order may be detained for a period reasonably necessary to secure removal. *Zadvydas*, 533 U.S. at 698–701. To be entitled to relief, a non-citizen must not only show post removal order detention in excess of six months but must also provide evidence of good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. *Akinwale v. Ashcroft*, 287 F.3d 1050 (11th Cir. 2002).

As applied, Petitioner is not entitled to relief because he has not been detained for more than six months after being subject to a final order of removal and there is a significant likelihood of removal in the reasonably foreseeable future. As proffered by Respondent, Petitioner is expected to be removed to Russia within the next thirty (30) days. (DE 7 at 3). Because Petitioner has not been in ICE custody for longer than the presumptively reasonable six-months, he is not entitled to relief under *Zadvydas*.[1] *See also Akinwale*, 287 F.3d at 1050 (finding "the [noncitizen]

---

[1] Petitioner claims challenging the lawfulness of his removal order is not proper before this Court. Pursuant to 8 U.S.C. § 1252(a), a petition challenging the lawfulness of the removal order must be filed with the appropriate court of appeals. *See also Balogun v. U.S. Att'y Gen.*, 425 F.3d 1356, 1360 (11th Cir. 2005) (noting that criminal aliens must petition the appropriate court of appeals for review of all claimed legal errors relating to a final order of removal). Here, Petitioner cannot

not only must show post removal order detention is in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future").[2]  Moreover, non-citizens subject to orders of removal "are not entitled to a bond hearing while they pursue withholding of removal." *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021).  Accordingly, after review of the record and relevant authorities, it is

### III. CONCLUSION

**ORDERED AND ADJUDGED** as follows:

1. Petitioner's TRO Motion (DE 8) is **DENIED**.

2. The § 2241 Petition (DE 1) is **DISMISSED WITHOUT PREJUDICE** as premature.  If Petitioner is not removed or if the likelihood of his removal in the reasonably foreseeable future changes, he may file a new petition.

3. All pending motions not otherwise ruled upon are **DENIED as moot**.

4. The Clerk of Court shall **CLOSE** this case.

**SIGNED** in Chambers at West Palm Beach, Florida this 10th day of March, 2025.

Donald M. Middlebrooks
United States District Judge

---

obtain judicial review of his final order of removal. *Id.*; *see also* 8 U.S.C. § 1252(a)(5). Thus, I lack jurisdiction to review the lawfulness of the removal order.

[2] On March 10, 2025, Petitioner filed a Petition (DE 11), docketed by the Clerk as a "Motion for Acquittal" claiming he is unaware of the status of the pending criminal charges brought in Collier County and has been in custody for more than nine months. For the reasons previously stated, I find Petitioner has not been in immigration custody for more than six months. Thus, this motion (DE 11) is DENIED.

**Copies furnished to:**

**Alexey Samokhin,** *Pro Se*
Alien # 231-958-681
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073

**Mary Beth Ricke, AUSA**
United States Attorney's Office
500 E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Email: Mary.Ricke@usdoj.gov